# United States District Court
# for the District of Columbia

**F.S., a minor, *et al.,***

       **Plaintiffs**

      **v.**

**THE DISTRICT OF COLUMBIA, *et al.,***

      **Defendants**

**Civil Action No.   1:10-cv-01203 (EGS) (AK)**

## PLAINTIFFS' MOTION TO ALTER OR AMEND, OR FOR RELIEF FROM THE COURT'S ORDER OF AUGUST 1, 2014

Plaintiffs F.S., Mark Snyderman and Lois Rosen (collectively, "plaintiffs") respectfully move the Court, pursuant to Fed. R. Civ. P. 59(e) and 60(b), to enter an order amending its August 1, 2014 order approving the magistrate judge's report and recommendations regarding plaintiffs' motion for attorney's fees and costs.  The requested amendment would award plaintiffs the full amount of fees sought in their original motion, as supplemented in their reply memorandum and their objections to the magistrate judge's report, and then adjusted for computational errors identified by the magistrate judge.  The final amount plaintiffs seek is $49,532.38, which includes the undisputed award of $414.50 in non-fee expenses as well as the fees this Court has previously approved.

The grounds for this motion are that the Court's order rested upon the assumption that because certain types of special education cases are retroactively deemed "simple," the lawyers who litigate them should not be compensated at the rates prevailing in the relevant market for similar work, but rather at an arbitrarily selected lower rate, judicially derived as a percentage of the rates set forth on the United States Attorney's so-called *Laffey* matrix but not based upon any evidence

that it is the prevailing community rate for services of this type.  This line of reasoning has been rejected by several judges on this Court, most recently in an opinion by District Judge Beryl A. Howell in *Stephanie Robinson v. District of Columbia,* 2014 U.S. Dist. LEXIS 102115 (Civil Action No. 13-1006, D.D.C., July 28, 2014) (BAH)(AK).  Because Judge Howell's *Robinson* opinion issued after the parties had fully briefed their positions with respect to the magistrate judge's report, plaintiffs ask this Court to reconsider its decision in light of that opinion.

The circumstances leading up to this motion are:

1.   Plaintiffs prevailed in this action, which was brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA").  Accordingly, on June 21, 2013, plaintiffs moved the Court, pursuant to Fed. R. Civ. P. 54(d), to award them the legal fees and expenses they reasonably incurred in securing their favorable result.

2.   Defendant the District of Columbia ("the District") opposed this motion in its entirety, and plaintiffs replied.  On October 3, 2013, the Court referred the motion to Magistrate Judge Alan Kay for a report and recommendations, pursuant to LCvR 72.3(a)(3).

3.   Judge Kay issued his report on April 18, 2014.  In his report, Judge Kay agreed (over the District's strenuous objections) that plaintiffs were prevailing parties and were entitled to recover their reasonable fees and expenses for litigating the case.  He accepted as reasonable all hours expended by plaintiffs' legal team, noting only a computational error that caused him to reduce the number of hours for which he approved compensation from plaintiffs' requested 114.4 hours to 108.4.

4.     Judge Kay separately recommended full reimbursement of plaintiffs' documented expenses
       of $414.50, which this Court accepted and therefore is no longer at issue.

5.     Judge Kay recommended, however, that the hourly rate at which plaintiffs' counsel
       requested compensation–$390–be reduced to $243.33, equivalent to two-thirds of her so-
       called "*Laffey* rate." Judge Kay reasoned that IDEA fee litigation is "simple" and therefore
       that attorneys performing such work should charge less for their efforts, then followed his
       own decisions in other cases that imposed this "two-thirds of *Laffey* rate" as what he
       deemed to be adequate compensation for these services. This reduced the amount of legal
       fees that would otherwise have been awarded for the work of plaintiffs' principal counsel
       from $39,566 5to $26,376.97.

6.     Judge Kay also recommended that the Court award plaintiffs no fees or expenses at all for
       their attorney's work on the fee motion itself. He recognized that while neither IDEA nor
       the cases interpreting it bar an award of what he termed "fees-on-fees-on fees," he deemed
       it appropriate to deny compensation for this work to avoid creating an incentive for
       plaintiffs to extend fee litigation beyond one post-judgment motion. This reduced
       plaintiffs' fee and expense claim by another $5,353.85. The total award recommended was
       thus $27,166.52, representing both legal fees and non-fee expenses.

7.     Plaintiffs timely noted objections to the fee reductions (although they accepted Judge Kay's
       assessment of the computational error that resulted in payment for 108.4 hours, as opposed
       to 114.4). In their objections, they represented that plaintiffs had incurred additional fees,
       totaling at least $2,190, since Magistrate Judge Kay's report and recommendations had
       issued, and requested payment of those as well. The District did not object to the April 18,

3

2014 report, but opposed plaintiffs' objections and argued that Judge Kay's conclusions were correct and should be accepted by this Court.

8.      On August 1, 2014, this Court accepted Judge Kay's report and recommendations and issued an order to that effect, awarding plaintiffs $26,376.97 in attorney fees, $375 in paralegal fees, and $414.50 in expenses, for a total of $27,166.52.

Plaintiffs now submit that this decision should be revisited, and then revised, in light of recent opinions by other judges of this Court.  In support of this motion, plaintiffs respectfully refer the Court to the accompanying memorandum of points and authorities, and the entire record herein.

/s/     *Diana M. Savit*

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
4520 East-West Highway
Suite 700
Bethesda, Maryland 20814
(301) 951-9191
(240) 536-9156 (fax)
dms@savitlaw.com
Attorneys for plaintiffs

4

# United States District Court
# for the District of Columbia

| |
|---|
| F.S., a minor, *et al.*, |
| **Plaintiffs** |
| v. |
| THE DISTRICT OF COLUMBIA, *et al.*, |
| **Defendants** |

Civil Action No.   1:10-cv-01203   (EGS) (AK)

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO ALTER OR AMEND OR FOR RELIEF FROM THE COURT'S ORDER OF AUGUST 1, 2014

Plaintiffs Mark Snyderman ("Snyderman"), Lois Rosen ("Rosen") and F.S. (collectively, "plaintiffs") and defendant the District of Columbia ("the District") have already briefed their respective positions regarding the appropriate hourly rates for attorneys who prevail in litigation initiated under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"); specifically, 20 U.S.C. § 1415(i)(3)(B).   For the prior arguments and underlying history, we respectfully refer the Court to plaintiffs' original motion for an award of attorneys' fees and costs (Docket #43), the District's opposition to that motion (Docket #45), plaintiffs' reply memorandum (Docket #47), Magistrate Judge Kay's report and recommendations (Docket #48), plaintiffs' objections to the report and recommendations (Docket #49), the District's opposition to the objections (Docket #50), and plaintiffs' reply to the opposition (Docket #51).

This memorandum discusses recent authorities that, we submit, militate in favor of revisiting and revising the Court's August 1, 2014 decision.

## I.      Plaintiffs should be awarded fees at their counsel's then-customary rates

As Judge Kay rejected the District's defense that plaintiffs were not "prevailing parties" within the meaning of IDEA (and therefore entitled to recover their reasonable legal fees and other expenses), and approved all documented hours (other than the so-called "fees-on-fees-on-fees") expended by plaintiffs' counsel–and the District accepted these determinations–the only issues left for this Court to decide after Judge Kay issued his report were (a) whether he had properly focused solely on the perceived "simplicity" of IDEA fee litigation in determining the proper hourly rate to be charged for counsel's services, (b) whether the alternative rate he selected–two-thirds of counsel's *Laffey* rate–meets IDEA's requirements, and (c) whether declining to award fees for the fee litigation was a proper exercise of discretion.   We respectfully submit that the report and recommendations failed in all three instances, and therefore that this Court's decision to adopt those portions of the report should be amended.

This Court's judges are divided as to whether there is an IDEA-specific jurisprudence for attorneys' fee awards, or whether the more standard, case- and fact-specific analysis followed in most other fee-shifting litigation should apply.   Some judges, following District Judge Paul Friedman's initial decision in *Rooths v. District of Columbia,* 802 F.Supp. 2$^{d}$ 56 (D.D.C. 2011), hold that the hourly rates charged for IDEA representation are subject to an after-the-fact analysis of the "complexity" of the now-completed case, and that the rates may be reduced to reflect the perceived ease or difficulty with which the plaintiffs achieved their victory.

Other judges recognize that IDEA litigation is no different from other civil rights cases, even when plaintiffs seem to have achieved their good results without prodigious expenditures of time, and therefore that a case's "complexity" (at least when measured solely by litigation time, or numbers of exhibits or witnesses) cannot control the determination of fair compensation for their

2

successful counsel.  *See, e.g., Eley v. District of Columbia,* 2013 U.S. Dist. LEXIS 164995, 2013 WL 6092502 (Civil Action No. 11-309, D.D.C., November 20, 2013) (BAH)[1] and *Thomas v. District of Columbia,* 908 F.Supp. 2[d] 233 (D.D.C. 2012) (collecting cases).

District Judge Beryl A. Howell's recent decision in *Robinson v. District of Columbia,* 2014 U.S. Dist. LEXIS 102115 (Civil Action No. 13-1006, D.D.C., July 28, 2014) (BAH) (AK), thoroughly addresses, again, why the assumption that plaintiffs must prove the specific complexity of their individual cases, following litigation on the merits, runs afoul of IDEA's mandate as well as this Circuit's body of case law interpreting fee-shifting statutes.

In *Robinson,* Judge Howell rejected the report and recommendations from Magistrate Judge Alan Kay (the magistrate judge whose report and recommendations are at issue here) that a successful plaintiff's counsel's hourly rate for litigating an administrative due process hearing should be reduced to three-fourths of her *Laffey* rate based upon his assessment that IDEA cases are "simple" and that Ms. Robinson had not proven otherwise for her particular matter.  Judge Howell noted that this approach improperly imposed a higher burden upon plaintiffs than either IDEA or the relevant case law authorizes.  As discussed in her opinion, a prevailing party who seeks an award of legal fees must show three things to establish a reasonable hourly rate: (1) the attorney's billing practices; (2) the attorney's skill, experience and reputation; and (3) the prevailing market rates in the community.  *Robinson v. District of Columbia, supra,* citing

---

[1]

The District noted its appeal from Judge Howell's *Eley* decision on December 19, 2013.  The case is styled *Wilma Eley, Appellee v. District of Columbia, Appellant,* Appeal No. 13-7196.  The District filed its opening brief on July 14, 2014 and Ms. Eley's brief in response is due shortly.  The Circuit Court's decision on appeal may resolve the ongoing dispute in this jurisdiction regarding the proper hourly rate for IDEA counsel.

This Court may take judicial notice of the docket of the United States Court of Appeals for the District of Columbia Circuit.  Fed. R. Evid. 201(b).

*Covington v. District of Columbia,* 313 U.S. App. D.C. 16, 57 F.3ᵈ 1101 (1995).  Once the plaintiff makes these *prima facie* showings, the burden shifts to the opposing party to show that the hourly rate claimed is wrong and should be something else.  *Id.; National Association of Concerned Veterans v. Secretary of Defense,* 219 U.S. App. D.C. 94, 675 F.2ᵈ 1319 (1982).

There was no dispute before Judge Kay–and none raised by the District in litigating plaintiffs' partial objections to his order–that plaintiffs satisfied the three *Covington* tests.  Rather, the District's sole argument was that the alleged "simplicity" of IDEA fee litigation trumps all other considerations, even though–as Judge Howell noted in *Eley* and again in her *Robinson* opinion–"complexity" is usually reflected in the number of hours expended, and therefore to discount the hourly rate on this basis charges counsel (or their clients) twice for the same factor. As Judge Howell further noted in *Robinson,* a perceived "simplicity" is not, by itself, sufficient to overcome the presumption that claimed rates are reasonable once sufficient information to satisfy the *Covington* standards has been adduced.  Judge Howell wrote:

> ..."when a trial judge awards an enhancement on an impressionistic basis, a major purpose of the lodestar method--providing an objective and reviewable basis for fees--is undermined." [*Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 558] (internal citations omitted). The same logic holds true for reductions, since reductions "on an impressionistic basis," *id.*, similarly undermine the "objective and reviewable basis for fees," *id.*, that commends the lodestar method. The defendant's argument appears to be that at some point, perhaps after a certain number of witnesses are called or a certain number of exhibits are introduced, the presumptively reasonable *Laffey* rates are warranted, but not until that indistinct and ephemeral point is reached. *See* Def.'s Opp'n at 9. It is exactly this kind of subjective, unfettered discretion that the Supreme Court opposed in *Perdue*, and it cannot, standing alone, be the reason for reducing fees in this case.

*Robinson, supra.*

It is also noteworthy that in *Robinson,* the District argued that because that plaintiff sought legal fees for administrative-level work, it should be compensated at a lower rate than would be allowed for the presumably more complex work performed in a case before a United States District

4

Court, whereas here the District argued for–and the Court accepted–precisely the opposite: a presumption that fee litigation (district court work) is simpler than an administrative due process hearing and therefore warrants lower compensation.   Various judges of this Court have often criticized the District for taking inconsistent and incompatible positions in IDEA litigation to meet the needs of the moment, most recently Judge Paul Friedman in his decision awarding legal fees in *Mikeisha Blackman, et al. v. District of Columbia*, Civil Action No. 97-1629 (D.D.C., August 29, 2014, memorandum opinion at p. 12, n. 7) (PLF) (claim of LaShawn Smith).   The District's arguments on this point are therefore entitled to little weight.


## II.   Plaintiffs should be awarded fees for litigating their fee motion

Judge Kay separately recommended–and this Court agreed–that plaintiffs should not be compensated for their counsel's effort in litigating their successful motion for legal fees and expenses, based upon an expressed concern that awarding fees for this litigation phase would encourage more litigation.  This approach, however, penalized plaintiffs for the District's persistent and well-recognized antipathy toward paying legal fees when its unjustified IDEA positions are rejected.   Judge Howell summarized the history of the District's aggressive attempts to avoid paying fees in her *Robinson* decision:

> This argument [that fees for administrative work should be compensated at a lower rate than those paid for district court litigation] reflects the District of Columbia's latest attempt to limit its liability for attorneys' fees in IDEA litigation when it has been found--repeatedly--to be acting in a manner that violates the civil rights of some of the District's most vulnerable citizens: children with special needs. For instance, over thirty years ago, the District of Columbia argued that plaintiffs, who were successful on the administrative level, were not entitled to recover *any* attorneys' fees under the virtually identical language of IDEA's predecessor statute. *See Moore v. District of Columbia, 907 F.2d 165, 167, 285 U.S. App. D.C. 95 (D.C. Cir. 1990).*[2] An *en banc* D.C. Circuit flatly rejected the District's

---

[2]

[n. 6 in the original]:

(continued...)

argument because, as the defendant rightfully points out in this case, the "IDEA is controlling on the matter of rate." Def.'s Opp'n at 6; *Moore, 907 F.2d at 167* ("We begin, as we must, with an examination of the statutory text."). The relevant statutory text reads "[i]n *any action or proceeding* brought under this section, the court, in its discretion, may award reasonable attorneys' fees . . . ." *20 U.S.C. § 1415(i)(3)(B)(i)* (emphasis added). The D.C. Circuit held that Congress intended this broad language to encompass administrative proceedings and civil actions, since the Court was "at a loss to give meaning to the distinction between 'action' and 'proceeding' short of inferring that Congress meant to authorize fees for parents who prevail either in a *civil action* or in an *administrative proceeding* under [the IDEA.]" *Moore, 907 F.2d at 167* (emphasis in original).

*Robinson, supra.*

As Judge Friedman also noted in today's *LaShawn Smith* opinion, issued in the *Blackman* class action, the District's propensity for repeating previously rejected arguments and taking issue with almost everything plaintiffs raise in any IDEA filing necessarily increases the time counsel must expend. *See Claim of LaShawn Smith, supra,* opinion at p. 8, n. 6. To allow the District to litigate its positions fully, but then to penalize plaintiffs for meeting and defeating those positions, again places the burden of funding the effort to vindicate IDEA rights upon the District's vulnerable citizens (its disabled students) and their parents. This frustrates IDEA's intent, as summarized most recently in Judge Howell's *Robinson* opinion.

---

[2](...continued)

The District has also argued before this Court, unsuccessfully, that successful litigants in IDEA cases should not be entitled to fees incurred in subsequent litigation over appropriate fees--so-called "Fees for Fees"--despite such fees for fees being allowed in myriad other civil rights fee-shifting statutes. *See Eley, No. 11-309, 2013 U.S. Dist. LEXIS 164995, 2013 WL 6092502, at \*16 (D.D.C. Nov. 20, 2013).* As this Court has noted previously, the resources the District of Columbia continues to expend on fighting IDEA litigation "may be better spent if re-focused on meeting the requirements of the IDEA in the first instance." *2013 U.S. Dist. LEXIS 164995, [WL] at \*19.*

*Robinson, supra.*

## **CONCLUSION**

For all the foregoing reasons, plaintiffs respectfully submit that the Court should reconsider and amend its August 1, 2014 order and award them the $49,532.38 in fees and expenses they incurred in litigating their entitlement to fees and expenses as prevailing parties in IDEA litigation, in lieu of the lower sum awarded in the Court's order entered that date.


/s/     *Diana M. Savit*

_____

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
4520 East-West Highway
Suite 700
Bethesda, Maryland 20814
(301) 951-9191
(240) 536-9156 (fax)
dms@savitlaw.com
Attorneys for plaintiffs