# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
F.S., et al.,                  )
                               )
        Plaintiffs,            )
                               )
        v.                     )   Civ. Action No. 10-1203 (EGS)
                               )
DISTRICT OF COLUMBIA,          )
                               )
        Defendant.             )
_____)
```

## MEMORANDUM OPINION

Pending before the Court is [53] a motion to alter or amend this Court's [52] Order filed by the plaintiffs, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), requesting that the Court "amend or reconsider its order reducing the legal fees awarded to [plaintiffs] . . . in light of a recent opinion by District Judge Beryl A. Howell in *Robinson v. District of Columbia*." *See* Reply, ECF No. 55 at 2. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court **DENIES** [53] plaintiffs' motion.

## I. Background

On March 25, 2013, the Court found that the attorney's rate of $365 per hour was "eminently reasonable," **and awarded plaintiffs full attorneys' fees and costs that accrued pursuing the underlying substantive Individuals with Disabilities Education Act ("IDEA") administrative action.** *See* March 25, 2013

Minute Order.  On June 21, 2013, plaintiffs filed a motion for attorneys' fees and costs associated with the work performed in securing the attorneys' fees resulting from the original administrative action.  This is a request generally known as seeking "fees on fees."  In that motion, plaintiffs also sought attorneys' fees and costs associated with the work performed in briefing the "fees on fees" motion.  This is a request generally known as seeking "fees on fees on fees."

This Court, pursuant to Local Civil Rule 72.3(a)(3), referred plaintiffs' motion to Magistrate Judge Alan Kay for a report and recommendation.  *See* October 3, 2013 Minute Order.  On April 18, 2014, Magistrate Judge Kay issued a report and recommendation. *See* Report and Recommendation, ECF No. 48.  Magistrate Judge Kay recommended that the reasonable rate for "fees on fees" litigation is two-thirds of the reasonable rate for the underlying IDEA litigation because "[a]ttorneys' fee work is less complex and more formulaic than the underlying IDEA [substantive] work." *Id.* at 9. Magistrate Judge Kay further recommended denying the plaintiffs' "fees on fees on fees" request because the Court needs to "draw a line to avoid plaintiffs extending their claims for fees *ad infinitum*." *Id.* at 12.

On August 1, 2014, the Court issued an [52] Order accepting the findings and adopting the recommendations of Magistrate

Judge Kay's report and recommendation. *See* August 1, 2014 Order, ECF No. 52. On August 29, 2014, plaintiffs filed the pending motion to amend or alter judgment under Federal Rules of Civil Procedure 59(e) and 60(b). *See* Motion, ECF No. 53. On September 8, 2014, the District of Columbia filed its opposition. *See* Opposition, ECF No. 54. On September 18, 2014, the plaintiffs filed their reply. *See* Reply, ECF No. 55. Plaintiffs' motion to amend or alter judgment is now ripe for determination by the Court.

**II. Analysis**

The law in this Circuit is clear: A "Rule 59(e) motion may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment." *See GSS Group Limited v. National Port Authority,* 680 F.3d 805, 812 (D.C. Cir. 2012) (internal quotation marks omitted); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotation marks omitted). A motion filed under Rule 59(e) "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *See Firestone v. Firestone,* 76 F.3d 1205, 1208

(D.C. Cir. 1996) (per curiam) (internal quotation marks omitted).

"[T]o secure relief under Rule 60(b), a litigant must establish not only that one of the rule's enumerated grounds for relief is satisfied, but also some 'actual prejudice' flowing from the supposed misconduct or other circumstances claimed to warrant relief." *See Armenian Assembly of America, Inc. v. Cafesjian,* 758 F.3d 265, 283 (D.C. Cir. 2014); *Summers v. Howard Univ.,* 374 F.3d 1188, 1193 (D.C. Cir. 2004). The movant must show that it was foreclosed from making a "full and fair preparation or presentation of its case." *See In re Hope 7 Monroe St. Ltd. P'ship,* 743 F.3d 867, 875 (D.C. Cir. 2014). The movant has the burden to establish that they are entitled to relief under Rule 60(b). *See Dronsejko v. Thornton*, 632 F.3d 658, 672 (10th Cir. 2011).

In their motion, plaintiffs argue that the Court, in light of *Robinson v. District of Columbia*, committed "error" and "abuse[d its] discretion" by reducing the attorneys' hourly rates to two-thirds of the actual rate charged by the attorneys. *See* Reply, ECF No. 55 at 2, 9. Plaintiffs do not cite to an intervening change of controlling law, the availability of new evidence, any other "clear errors", or allege any "actual prejudice." *See Firestone,* 76 F.3d at 1208; *Armenian Assembly of America,* 758 F.3d at 283.

4

In *Robinson*, the Court addressed whether the plaintiff could recover all attorneys' fees and costs that accrued pursuing the *underlying substantive IDEA administrative action.* The *Robinson* Court answered with a resounding yes. *See generally* Robinson v. District of Columbia, 2014 WL 3702853 (D.D.C. July 28, 2014). Likewise, this Court, on March 25, 2013, **awarded plaintiffs full attorneys' fees and costs that accrued pursuing the underlying substantive IDEA administrative action**. The *Robinson* Court did not address, however, the issue presented to this Court concerning whether plaintiff can recover all attorneys' fees and costs for "fees on fees" and "fees on fees on fees" litigation.[1] Plaintiffs' reliance on *Robinson v. District of Columbia* is therefore misplaced.

Further, the Court's opinion is consistent with this Court's precedent. For example, in *Means v. District of Columbia*, Judge Contreras adopted Magistrate Judge Kay's report and recommendation reducing the attorney rate for "fees on fees" litigation to 50% of the *Laffey* matrix hourly rate. *See Means v. District of Columbia*, 999 F. Supp.2d 128, 136 (D.D.C. 2013). Similarly, in *Garvin v. District of Columbia*, Judge Walton reduced the attorneys' hourly rates for "fees on fees"

---

[1] The plaintiff in *Robinson* recently filed a motion requesting that the "Court award 'fees on fees.'" *See* Case No. 13-1006, ECF No. 26. The plaintiff subsequently filed a notice of withdrawal with prejudice of that motion. *Id.* at ECF No. 27.

5

litigation to 50% of the *Laffey* matrix hourly rate. *See Garvin v. District of Columbia*, 910 F. Supp.2d 135, 141 (D.D.C. 2012).

## III. Conclusion

For the reasons stated above, [53] plaintiffs' motion to alter or amend this Court's [52] Order is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**October 2, 2014**